### 27139. TROUP COUNTY ELECTRIC MEMBERSHIP CORPORATION v. CITY OF LaGRANGE et al.

GUNTER, Justice. Troup County Electric Membership Corporation has appealed from a judgment below adverse, in part, to it.

Troup County Electric brought an action against the City of LaGrange and Landco Developers seeking, insofar as is material to this appeal, to have a contract between the two defendants declared null and void and further seeking to enjoin performance of the contract by the two defendants.

Landco was developing a subdivision outside the corporate limits of the city. Landco and the city entered into a contract which provided that the city would extend city water service and city electrical service to the lots in the subdivision. The consideration for the contract was that Landco would advance the city $18,000 to extend the two services, and during a period of seven years the city was to refund to Landco $200 for each developed lot using city water service and $400 for each developed lot using city electrical service.

Troup County Electric's contention is that it provides electrical service in the area where the subdivision is being developed, and that the contract between the two defendants is illegal in that it has the effect of defeating or lessening competition in violation of the Georgia Constitution (*Code Ann.* § 2-2701); and that it is a contract in general restraint of trade in violation of a Georgia statute (*Code Ann.* § 20-504). The appellant also contends

that the contract between the defendants contains a "tying agreement" which has the effect of forcing the occupants of the subdivision to purchase electricity from the city in order to obtain water service and sewer service from the city.

It is undisputed that both Troup County Electric and the city have legal authority to provide electrical service to customers in the area in question. The city also has the legal authority to provide water service outside its corporate limits.

We do not consider the appellant's contentions meritorious, and we affirm the judgment below.

Under the terms of the contract here, Landco has paid the city the initial cost or a portion of the initial cost for extending the city's electrical service and the city's water service to the subdivision. The contract does not "require" that a lot-owner or lot-occupant use either of the city's services. The owner or occupant of a lot is at liberty to use the service of the appellant and is at liberty to drill a well and construct a septic tank. However, the city is under an obligation pursuant to the contract to make available its two services to any owner or occupant, and if either or both of its services are used, then Landco is to be reimbursed by the city the specified amount for each service used up to a maximum of $18,000 within a seven-year period.

In our opinion the contract in this case does not have the effect of lessening competition, nor does it tend to create a monopoly, nor does it contain an illegal "tying agreement."

In its judgment rendered below the trial court said: "It is the opinion of this court that we are here dealing with two corporations which have clear legislative authority to supply the residents of the area in question with electric energy, and it is not contended, nor could it be contended, that either has an exclusive right to do so; and, since their creator did not see fit to prohibit one from competing fairly with the other, this court is not authorized to

do so. In fact it is conceded by all parties that both have authority under the law to furnish services to this area.

"It is the further opinion of this court that there is no tying arrangement in the contract between the City of La-Grange and the other defendants, nor is there any evidence in the record of any tying arrangement between these defendants. It is the further opinion of this court that this case is not analogous to the case referred to by the plaintiff, that of Edris v. Sebring Utilities Commission, #69-609, District Court of Florida, 2nd District. That case was a case between the parties to the contract and was decided on the basis of unjust discriminatory practices. The case at bar is a case by some third party, not a party to the contract."

We think the trial judge decided this case properly.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 10, 1972—DECIDED MAY 18, 1972.

*James C. Brim, Jr., Wyatt & Wyatt,* for appellant.

*Sims & Lewis, James R. Lewis, H. J. Thomson,* for appellees.

*Heard, Leverett & Adams, L. Clifford Adams,* amicus curiae.